**Deletha Dawn LAMPSHIRE, et al., Plaintiffs,**

v.

**The PROCTER & GAMBLE COMPANY, et al., Defendants.**

**Civ. A. No. C81–2250A.**

United States District Court, N. D. Georgia, Atlanta Division.

March 10, 1982.

---

Nina Hunt, Asst. U. S. Atty., Atlanta, Ga., for plaintiffs.

Dan Wingate, Atlanta, Ga., Lawrence Elleman, Cincinnati, Ohio, for defendants.

## MEMORANDUM OPINION

HORACE T. WARD, District Judge.

Plaintiffs commenced this products liability action in the United States District Court for the District of Colorado seeking redress for injuries incurred from the disease known as toxic shock syndrome ("TSS"). Plaintiffs allege that TSS was contracted as a result of the use of "Rely" tampons, a product manufactured by the defendant, The Procter & Gamble Company ("Procter & Gamble"). During the course of discovery in the main action, plaintiffs indicated that they intended to offer certain reports prepared by the Center for Disease Control ("CDC") into evidence. The CDC reports suggested that there was a statistical link between the use of tampons, particularly Rely, and the occurrence of TSS. Procter & Gamble opposes the admissibility of these reports in the main action, and has sought to discover certain information pertaining to the reports from the CDC. As a non-party resident of this district, the CDC filed a motion for a protective order in this court.[1] Procter & Gamble opposes the CDC's request for a protective order, and moves this court to transfer or defer ruling on the CDC's motion to the court in which the main action is pending. By Order of February 23, 1982, the court denied the motion to transfer and granted the motion for a protective order. This order supplements the order of February 23, 1982.

As a result of a 1970 amendment, Fed.R. Civ.P. 26(c) provides that in matters relating to depositions, protective orders can be sought in "the court in the district where the deposition is to be taken . . . ." Procter & Gamble argues that a transfer of the CDC's motion for a protective order is authorized by the Advisory Committee Note regarding the 1970 amendment to Rule 26(c), which states: "The court in the district where the deposition is being taken may, and frequently will, remit the deponent or party to the court where the action is pending." It is asserted that such a transfer should be made in this case because the trial judge is better able to assess the need for the requested information in view of his greater familiarity with the facts, issues, and history of this case. This court is unpersuaded.

■ Although a court in which a motion for a protective order pursuant to Rule 26(c) has been filed may be authorized to defer ruling to the court in which the main action is pending, this court is of the opinion that this should be the exceptional, rather than the normal occurrence. The court where the motion is filed should determine the merits of the protective order request except in those unusual circumstances where only the trial judge has the necessary background information to rule on the motion. If the court in which a motion for a protective order was filed always deferred to the trial judge, the 1970 amendment to Rule 26(c) would have been futile. Proposed non-party deponents would be unable to avoid the burden and expense of travelling to faraway courts to litigate the merits of a discovery dispute if all such disputes were deferred to the court in which the main action were pending.

■ There are a number of factors which mitigate in favor of resolving the discovery dispute in this district. The proposed deponent is located here, and the studies that are at the heart of the discovery dispute were conducted here. Because the CDC is

---

1. The CDC's motion for a protective order is made in connection with discovery sought in conjunction with the taking of a deposition. Hence, by a 1970 amendment to Rule 26 of the Federal Rules of Civil Procedure, this court can properly entertain the motion for a protective order.

frequently involved in litigation from other districts, it would be burdensome to require it to always travel to the district in which the main action is pending. Moreover, it does not appear that the issues involved in the instant discovery dispute are so intertwined with the main action or so complex that the trial judge should be burdened with resolving an additional discovery dispute. Thus, Procter & Gamble's motion to transfer or defer ruling is hereby DENIED.

■ In conjunction with its deposition of a designated employee of the CDC, Procter & Gamble seeks the production of certain records and documents pertaining to the CDC study of TSS. The CDC does not object to the production of the documents, but wants to produce the documents only with the redaction of personal identifying information (names, addresses, phone numbers, etc.) about the women involved in its studies. Procter & Gamble objects to the redaction of personal identifiers, contending that such information is necessary to adequately test the validity of the CDC's studies. Procter & Gamble contends that it must have the personal identifiers to enable it to contact the subjects of the CDC studies so as to determine the extent to which the studies were properly conducted. It is argued that there is no recognizable privilege which covers the requested information, and that the information is clearly subject to discovery. The court disagrees, and concludes that the personal identifying information about subjects in the CDC studies on TSS should be redacted from all produced documents.

Fed.R.Civ.P. 26(c) gives the court the authority to enter "any order which justice requires to protect a party or persons from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Pursuant to this provision, the court can enter any one of a variety of protective orders for purposes of protecting parties or persons in the discovery process. There is nothing in Rule 26(c) which suggests that the availability of a protective order hinges on the existence of a privilege. The rule allows a protective order to be entered upon a showing of good cause by the movant. Fed.R. Civ.P. 26(c). *See generally* 4 Moore's Federal, ¶ 26.68 (2nd ed.). The court is of the opinion that the movant in the case sub judice has made a sufficient showing of good cause to merit the entry of a protective order. The information obtained by the CDC from its subjects in the studies on TSS is quite personal and sensitive.[2] It is imminently appropriate to protect the subjects of the CDC studies, who may have no connection with this lawsuit, from questions by strangers about such personal matters. Moreover, Procter & Gamble has not sufficiently demonstrated that it is necessary to have the personal identifying information about the subjects of the CDC studies in order to attack the validity of the studies. From a review of the affidavits filed by the parties in support of their respective positions, it appears that the validity of the CDC studies can be addressed without actually contacting the subjects. Accordingly, there has been an insufficient showing of necessity to warrant the invasion of the personal privacy of the participants of the CDC studies.

The CDC apparently claims that it enjoys a general confidential privilege for information provided it. The CDC grounds its claim of a privilege on the Freedom of Information Act, the Privacy Act, and the common law governmental privilege regarding matters affecting the public interest. *See* CDC's response to Procter & Gamble's Opposition to Protective Order, p. 6. The CDC is of the opinion that the harm done to its public health mission by breaching the confidentiality of information provided it outweighs the need of the private litigants in this case for the requested information. Conversely, Procter & Gamble argues that no such privilege exists for the CDC, and alternatively, that its need for the information outweighs any interest that may be protected by any such privilege.

Although mindful of the CDC's important public health function, the court need not

---

2. According to the government's brief, those studies contain information about medical history, personal hygiene, menstrual flow, sexual activity, contraceptive methods, history of pregnancies, douching habits, and tampon use.

determine the existence of a privilege or its relative weight in the case at bar. Having decided that Rule 26(c) authorizes the court to protect persons from undue embarrassment or annoyance and that such protection is appropriate in this case, it is unnecessary to address the privilege question.

For the foregoing reasons, the CDC's motion for a protective order is hereby GRANTED. It is ORDERED that all personal identifying information about the participants in the CDC studies be redacted from all documents produced in response to Procter & Gamble's subpoena. There being no other pending matters in this court, the order is a final judgment. The clerk is DIRECTED to enter judgment in favor of the CDC and against defendants.